# EXHIBIT 1

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 42716091
Date: Feb 24 2012 7:01PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

DO NOT WRITE IN THIS SPACE

CIVIL ACTION FILE NO. __12EV014472J__

*** NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL
PLEADINGS MUST BE E-FILED ****
CONTACT THE COURT AT 404.613.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Cindy Smith
151 The Prado N.E.
Atlanta, Georgia 30309

Gordon Smith
2466 Ridgewood Road
Atlanta, Georgia 30318

Plaintiff's Name, Address, City, State, Zip Code

vs.

**Frank Gari**
**32461 Saddle Mountain Drive**
**Westlake Village, California 91361**
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $___TBD_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ xx ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ XX ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Katherine Ventulett Hernacki, Wood, Hernacki & Evans, LLC

Address:_1180 West Peachtree St., Suite 2400

City, State, Zip Code: Atlanta, Georgia, 30309    Phone No.:404-891-1402

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____

Angela Dash Jones, Chief Deputy Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served , this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

DO NOT WRITE IN THIS SPACE

LexisNexis Transaction ID: 4271.609
Date: Feb 24 2012 7:01PM
Mark Harper, Clerk

CIVIL ACTION FILE NO. __12EV014472J__

\*\*\* NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL
PLEADINGS MUST BE E-FILED \*\*\*\*
CONTACT THE COURT AT 404.613.6040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Cindy Smith
151 The Prado N.E.
Atlanta, Georgia 30309

Gordon Smith
2466 Ridgewood Road
Atlanta, Georgia 30318

Plaintiff's Name, Address, City, State, Zip Code

vs.

GARI MEDIA GROUP, INC,
C/O Registered Agent, Alfred W. Shlesinger
24041 Mariano Street,
Woodland Hills, California 91367

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $___TBD___ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [xx] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\* | |
| [XX] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit.

Name:    Katherine Ventulett Hernacki, Wood, Hernacki & Evans, LLC

Address: _1180 West Peachtree St., Suite 2400

City, State, Zip Code: Atlanta, Georgia, 30309    Phone No.:404-891-1402

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____    Angela Dash Jones, Chief Deputy Clerk (electronic signature)

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for. is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served . this _____ day of _____ 20_____.    _____
                                                                                        DEPUTY MARSHAL STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 42716091
Date:  Feb 24 2012  7:01PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| GORDON SMITH and | ) | |
| CINDY SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.  12EV014472J |
| v. | ) | |
| | ) | **TRIAL BY JURY DEMANDED** |
| GARI MEDIA GROUP, INC., | ) | |
| FRANK GARI, and LARRY | ) | |
| MCDANIEL, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, Gordon Smith and Cindy Smith, and respectfully state their Complaint against Defendants Gari Media Group, Inc., Frank Gari, and Larry McDaniel as follows:

### Parties, Jurisdiction, and Venue

1.      Plaintiff Gordon Smith is an individual residing in Fulton County, Georgia.

2.      Plaintiff Cindy Smith is an individual residing in Fulton County, Georgia.

3.      Defendant Gari Media Group, Inc. ("GMG" or the "Company") is a corporation organized and existing under the laws of the State of California.

4.      GMG is registered to do business in the State of Georgia, with its principal place of business located at 3575 Piedmont Rd., Building 15, Suite 1520, Atlanta, Fulton County, Georgia 30305.

5.      Defendant GMG may be served by service on its registered agent, Alfred W. Schlesinger, at 24041 Mariano Street, Woodland Hills, California 91367.

6.  Defendant Frank Gari ("Gari") is an individual residing in the State of California at 32461 Saddle Mountain Drive, Westlake Village, California 91361.

7.  Gari is the Chief Executive officer of GMG.

8.  Defendant Larry McDaniel ("McDaniel" or "Defendant McDaniel") is an individual residing in the State of Florida at 2663 Nelson Court, Weston Hills Country Club, Weston, Florida, 33332.

9.  McDaniel is the Chief Marketing Officer of GMG.

10. This Court has jurisdiction over McDaniel with proper venue.

11. All incidents described in this Complaint occurred in and caused harm to the Plaintiffs in Fulton County, Georgia.

12. This Court has subject matter jurisdiction over this dispute.

13. Personal jurisdiction over Defendant GMG is proper in this Court by virtue of the fact that it is registered to do business in Georgia, its principal place of business is in Georgia, and it transacts business in Georgia.

14. Personal jurisdiction over Defendant Frank Gari is proper in this Court pursuant to O.C.G.A. § 9-10-91(1), (2), and (3) by virtue of the fact that Defendant Gari transacts business in Georgia, committed a tortious act in Georgia, the tortious injury at issue in this Complaint occurred in Georgia, and Defendant Gari derives substantial revenue from services rendered in Georgia.

15. Personal jurisdiction over Defendant McDaniel is proper in this Court pursuant to O.C.G.A. § 9-10-91(1), (2), and (3) by virtue of the fact that Defendant McDaniel transacts business in Georgia, committed a tortious act in Georgia, the tortious injury at issue in this

2

Complaint occurred in Georgia, and Defendant McDaniel derives substantial revenue from services rendered in Georgia.

16. Venue is proper in this Court pursuant to the Georgia Constitution 1983, Article VI, § II and O.C.G.A. §§ 14-2-510(b) and 14-2-1501.

## Factual Background

17. Defendant GMG is a media production company that, among other things, produces commercials for television and radio; creates internet and digital graphics creates music for use by various clients including news programs, television, and radio; and performs other digital services.

18. GMG was founded by Plaintiff Gordon Smith and Defendant Frank Gari in 2008, with Gari and Smith each owning fifty percent (50%) of the shares in the company.

19. At all times relevant to the claims in this matter, Gordon Smith was the Chief Operating Officer of GMG, and managed the day to day business of the Company's office in Atlanta, Georgia.

20. At all times relevant to the claims in this matter, Plaintiff Cindy Smith, the wife of Gordon Smith, was a media buyer for GMG and also worked out of GMG's Atlanta office.

21. Defendant McDaniel is an employee and Chief Marketing Officer of GMG who works from time to time out of the Atlanta office and routinely works with employees in the Atlanta office remotely.

22. At some point during 2010, McDaniel began a campaign designed to force Gordon Smith and Cindy Smith out of GMG.

23. McDaniel sent an initial report to Gari, discussing numerous issues he had with GMG's Atlanta office, including what he determined to be poor business decisions by Smith.

3

24.     On information and belief, McDaniel thereafter engaged in secret discussions with Gari relating to McDaniel's accusations.

25.     On information and belief, and for reasons unknown to Plaintiffs, in or about the Spring of 2012, Defendant Frank Gari directed Defendant Larry McDaniel to create a report regarding alleged problems perceived by McDaniel in the Atlanta office of GMG that would be used as a basis to force Gordon Smith and Cindy Smith out of the Company.

26.     Defendant McDaniel prepared a written report to Defendant Gari on or about June 2, 2011 in which he alleged the Plaintiffs were causing unacceptable working conditions in the Atlanta office.

27.     Thereafter, on or about July 7, 2011, Defendant McDaniel created a second written "report" which included numerous false and defamatory statements of fact concerning Plaintiffs Gordon and Cindy Smith in a document entitled "Atlanta Office Report ("Report").

28.     The Report included a multitude of salacious and outrageous accusations against Plaintiffs that were maliciously fabricated by Defendant McDaniel with no basis in truth or fact.

29.     Specifically, the Report included the following false and defamatory statements regarding Gordon Smith:

a.   "...Gordon hires prostitutes."

b.   "...Gordon doing detailed work while he is drinking."

c.   Gordon Smith engages in "drinking" and has a "mean spirited attitude toward radio & cable reps."

d.   Statements implying that Gordon Smith has had prostitutes in the office.

e.   Statements implying that Gordon Smith has been arrested or convicted of a crime.

f.   Statements implying that "damning" photos and videos of Gordon Smith exist.

4

30. The Report also includes the following false and defamatory statements regarding Cindy Smith, including:

    a. "Cindy has made it clear on many occasions that she is very sexually active and has a very open sexual philosophy."

    b. Statements implying that Cindy Smith has had sex with and taken illegal drugs with employees:

"Brad and Dave have spent the night with Cindy....These [sic] leads to some questions/concerns that must be answered:

Have either of the employees had sex with Cindy?

Have either of the employees done illegal drugs with Cindy?

Can they claim they were forced to do anything?

Are there photos?"

Have either of the employees done illegal drugs with Cindy?"

31. On or about July 8, 2011, McDaniel approached Gordon Smith in the Atlanta office of GMG, and read the "Atlanta Office Report" out loud to Mr. Smith in a crowded food court area adjacent to GMG's office.

32. Prior to, or shortly after McDaniel read the Atlanta Office Report to Gordon Smith, McDaniel transmitted the Report to Defendant Gari by email and also communicated its contents to other GMG employees and contractors, including Jon Herron.

33. After receiving and reading the report, Defendant Gari immediately called Gordon Smith by telephone and threatened to terminate Plaintiff Cindy Smith and informed Gordon Smith that "Cindy has to go."

34. Gordon Smith vigorously objected to the termination of Cindy Smith and informed Gari in direct terms that the Report was false and defamatory, and that McDaniel must be terminated for publishing the Report.

35. On information and belief, Gari and McDaniels disseminated and published the Atlanta Office Report and its substantive contents to multiple GMG employees, independent contractors doing work for GMG, and others outside the Company.

36. Despite the fact that Gordon Smith was a Director and co-majority shareholder in the Company, Gari refused to terminate McDaniel.

37. On or about September 11, 2011, Gordon Smith sent a letter to Gari, Jon Herron and Christian Gari, in which he demanded the Company's corporate attorney, Allen Hyman, provide an opinion regarding McDaniel's actions, and demanding that McDaniel be confronted about the false and defamatory Report.

38. However, despite being confronted with the falsity of McDaniel's accusations in the Report, Defendant Gari refused to terminate or reprimand Defendant McDaniel in any manner whatsoever.

39. Instead, Defendant Gari joined Defendant McDaniel in the campaign of harassment against Plaintiffs by, among other things, publishing the Report and the false and defamatory statements of and concerning Gordon and Cindy Smith to others, both inside and outside the Company.

40. In furtherance of the campaign, Defendant Gari has repeatedly allowed Defendant McDaniel to continue to engage in additional hostile actions against Plaintiffs since the publication of the Report.

41.     Defendant Gari also repeatedly taunted the Plaintiffs, claiming that they are "self-righteous," "insecure," and "insensitive" and should just "forget" about the Report and let it go.

42.     Following receipt of Gordon Smith's September 11, 2011 letter, Defendant Gari began directing the Company's corporate counsel, Allen Hyman, to send "notices" of board of directors meetings which were improper under California law and designed to create a situation in which Gordon Smith would be improperly voted of the GMG Board of Directors and out of the Company.

43.     The Notices of Board Meetings claimed that both Defendant McDaniel and Jon Herron were "Directors" of GMG, despite the fact that no vote had ever taken place to elect any Directors and no shares, other than those allocated to Gordon Smith and Frank Gari in 2008, had ever issued.

44.     On or about November 9, 2011, Plaintiffs obtained counsel for advice in regard to potential defamation and other claims they may have against one or more of the Defendants.

45.     A letter of representation was sent to GMG's corporate counsel, Allen Hyman ("Hyman") on November 9, 2011.

46.     On or about November 28, 2011, less than 20 days after the Company was notified that the Smiths had obtained counsel, the Smiths received a "Reprimand" from Hyman, which, among other things, threatened both with termination.

47.     At the direction of Defendant Gari, Hyman then sent a number of additional "notices" of impromptu "Board" meetings, all of which were withdrawn.

48.     Hyman also sent various communications "on behalf of" GMG, lodging various false allegations against Gordon Smith and Cindy Smith, including the allegation that Gordon Smith was "breaching" his fiduciary duties to the Company.

49. Hyman refused to respond to inquiries sent by Gordon Smith for various corporate documents, on information and belief, at the direction of Defendant Gari.

50. As of the date of filing of this Complaint, Defendant McDaniel is still employed by GMG and no actions have been taken to address the false and defamatory Report he published or his relentless campaign of harassment against Plaintiffs.

51. Despite representations to the contrary, Hyman was acting as both the attorney for GMG and the personal attorney of Defendant Gari, at the time he "reprimanded" Gordon and Cindy Smith, sent numerous notices of "board" meetings, and other communications designed to harass Plaintiffs.

52. On or about February 24, 2012, Gordon Smith resigned as an employee and/or contractor of GMG and resigned as a Director and Officer of GMG.

53. On or about February 24, 2012, Cindy Smith resigned as an employee and/or contractor of GMG.

54. Defendants constructively discharged Plaintiffs by perpetrating the tortious acts alleged herein which, by virtue of their severity, forced Plaintiffs to leave GMG.

## COUNT I – LIBEL PER SE

55. Plaintiffs incorporate by reference each preceding paragraph of this Complaint as though the same were set forth herein in full.

56. McDaniel published and disseminated the false and defamatory Report without privilege and with actual malice regarding the truth of the statements.

57. McDaniel knew that the statements in the Report were false at the time he published the statements and transmitted the Report to Defendant Gari.

8

58.     When McDaniel published these statements he was acting as an Officer and agent of Gari Media Group, Inc., within the scope of his employment.

59.     Mr. McDaniel published these statements to persons who had no need to have access to the information, regardless of its truth or falsity.

60.     Defendant Frank Gari published and disseminated the Report without privilege and with actual malice. McDaniel published and disseminated the false and defamatory Report without privilege and with actual malice regarding the truth of the statements.

61.     Gari knew that the statements in the Report were false at the time he published the statements and disseminated the Report to others.

62.     When Gari published these statements he was acting as an Officer and agent of Gari Media Group, Inc., within the scope of his employment.

63.     Mr. Gari published these statements to persons who had no need to have access to the information, regardless of its truth or falsity.

64.     The statements in the Report are false in their entirety.

65.     At least two other GMG employees have stated under oath that the statements in the Report are not true and not accurate.

66.     The statements regarding Gordon Smith constitute libel *per se* in that they impute criminal conduct to Gordon Smith and otherwise falsely impugn and injure Gordon Smith in regard to his trade and profession.

67.     The statements regarding Cindy Smith constitute libel *per se* in that they impute criminal and sexual misconduct to Cindy Smith and otherwise falsely impugn and injure Cindy Smith in regard to his trade and profession.

9

68.     The statements regarding Gordon Smith constitute libel *per se* in that they impute actions to Gordon Smith that injure his professional business reputation.

69.     The statements regarding Cindy Smith constitute libel *per se* in that they impute actions to Cindy Smith that injure her professional business reputation.

70.     The statements regarding Gordon Smith constitute libel *per se* in that they impute actions to Gordon Smith that are defamatory and injurious to his reputation on their face and can be so understood without reference to any additional or extrinsic facts.

71.     The statements regarding Cindy Smith constitute libel *per se* in that they impute actions to Cindy Smith that are defamatory and injurious to her reputation on their face and can be so understood without reference to any additional or extrinsic facts.

72.     Gordon Smith did not engage in any of the unsavory and disreputable acts described in the Report.

73.     Cindy Smith did not engage in any of the unsavory and disreputable acts described in the Report.

74.     The gist of the Report is false and defamatory and constitutes libel *per se* in that it imputes sexual misconduct to Gordon Smith.

75.     The gist of the Report is false and defamatory and constitutes libel *per se* in that it imputes sexual misconduct to Cindy Smith.

76.     The gist of the Report is false and defamatory and constitutes libel per se in that it imputes criminal activity to Gordon Smith.

77.     The gist of the Report is false and defamatory and constitutes libel per se in that it imputes criminal activity to Cindy Smith.

78.    The gist of the Report is false and defamatory and constitutes libel *per se* in that it imputes actions to Gordon Smith that injure his professional business reputation.

79.    The gist of the Report is false and defamatory and constitutes libel *per se* in that it imputes actions to Cindy Smith that injure her professional business reputation.

80.    The gist of the Report is false and defamatory and constitutes libel *per se* in that it imputes actions to Gordon Smith that are defamatory and injurious to his reputation on their face and can be so understood without reference to any additional or extrinsic facts.

81.    The gist of the Report is false and defamatory and constitutes libel *per se* in that it imputes actions to Cindy Smith that are defamatory and injurious to her reputation on their face and can be so understood without reference to any additional or extrinsic facts.

82.    Defendants McDaniel and Gari published the false and defamatory statements in the Report with actual malice, that is, with actual knowledge of falsity or with reckless disregard for truth or falsity.

83.    The acts and omissions of McDaniel and Gari are imputed to Gari Media Group, as both McDaniel and Gari were Officers and agents of the Company at the time they committed the tortious acts alleged herein.

84.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, the reputation of Gordon Smith has been permanently damaged in an amount to be proven at trial.

85.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, the reputation of Cindy Smith has been permanently damaged in an amount to be proven at trial.

11

86.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, Gordon Smith has suffered stress, emotional distress, humiliation, anger and other mental pain and suffering in an amount to be proven at trial.

87.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, Cindy Smith has suffered stress, emotional distress, humiliation, anger and other mental pain and suffering in an amount to be proven at trial.

88.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, Gordon Smith has suffered public hatred, contempt, scorn and ridicule.

89.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, Cindy Smith has suffered public hatred, contempt, scorn and ridicule in an amount to be proven at trial.

90.    As a direct and proximate result of the defamatory statements published by Defendants in the Report, Cindy Smith and has suffered special damages in in an amount to be proven at trial.

91.    As set forth above, the defamatory statements published by Defendants in the Report were defamatory and libelous *per se* in that they impute sexual and criminal misconduct to Gordon Smith and injure his professional business reputation, entitling Plaintiffs to presumed damages.

92.    As set forth above, the defamatory statements published by Defendants in the Report were defamatory and libelous *per se* in that they impute sexual and criminal misconduct to Cindy Smith and injure her professional business reputation, entitling Plaintiffs to presumed damages.

12

93. The conduct of Defendants demonstrates willful misconduct and an entire want of care that raises a conscious indifference to consequences.

94. The acts and omissions of McDaniel and Gari are imputed to Gari Media Group, as both McDaniel and Gari were Officers and agents of the Company at the time they committed the tortious acts alleged herein.

95. Gordon Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

96. Cindy Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

97. Plaintiffs incorporate by reference each preceding paragraph of this Complaint as though the same were set forth herein at length.

98. Defendant McDaniel, while acting as an Officer of GMG, and in the scope of his employment with GMG, intentionally or recklessly published outrageous false and defamatory statements about Plaintiffs.

99. Defendant McDaniel, while acting as an Officer of GMG, and in the scope of his employment with GMG, created a hostile work environment for Plaintiffs by, among other things, willfully and wantonly making false, extreme, and outrageous accusations about Plaintiffs to other employees of GMG.

13

100.    As a direct and proximate cause of McDaniel's false, extreme, and outrageous comments regarding Gordon Smith, Gordon Smith suffered severe emotional distress in an amount to be proven at trial.

101.    As a direct and proximate cause of McDaniel's false, extreme, and outrageous comments regarding Cindy Smith, Cindy Smith suffered severe emotional distress in an amount to be proven at trial.

102.    Defendant Gari, while acting as an Officer of GMG, and in the scope of his employment with GMG, intentionally or recklessly published outrageous false and defamatory statements about Plaintiffs.

103.    Defendant Gari, while acting while acting as an Officer of GMG, and in the scope of his employment with GMG, created a hostile work environment for Plaintiffs by, among other things, willfully and wantonly making false, extreme, and outrageous accusations about Plaintiffs to other employees of GMG.

104.    Defendant Gari, while acting as an Officer of GMG, and in the scope of his employment with GMG, created a hostile work environment for Plaintiffs by, among other things, willfully and wantonly making false, extreme, and outrageous accusations about Plaintiffs to other employees of GMG, ratifying the false and defamatory statements published by McDaniel, directing his personal attorney to issue unauthorized reprimands, conduct ex parte interviews, and threaten Plaintiffs with termination.

105.    As a direct and proximate cause of Gari's false, extreme, and outrageous comments regarding Gordon Smith, Gordon Smith suffered severe emotional distress in an amount to be proven at trial.

14

106.    As a direct and proximate cause of Gari's false, extreme, and outrageous comments regarding Cindy Smith, Cindy Smith suffered severe emotional distress in an amount to be proven at trial.

107.    The acts and omissions of McDaniel and Gari are imputed to Gari Media Group, as both McDaniel and Gari were Officers and agents of the Company at the time they committed the tortious acts alleged herein.

108.    Gordon Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

109.    Cindy Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

## COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

110.    Plaintiffs incorporate each preceding paragraph of this Complaint as though the same were set forth herein at length.

111.    Defendant McDaniel, while acting as an Officer of GMG, and in the scope of his employment with GMG, published false and defamatory statements about Plaintiffs.

112.    Defendant McDaniel, while acting as an Officer of GMG, and in the scope of his employment with GMG, inflicted severe emotional distress upon Plaintiffs by, among other things, creating a hostile work environment for Plaintiffs by making false and disparaging accusations about Plaintiffs to other employees of GMG and taunting Plaintiffs.

113.    As a direct and proximate cause of McDaniel's negligent infliction of emotional stress, Gordon Smith suffered actual physical injury, in an amount to be proven at trial.

114. As a direct and proximate cause of McDaniel's false and disparaging comments regarding Cindy Smith, Cindy Smith suffered actual physical injury, in an amount to be proven at trial.

115. As a direct and proximate cause of McDaniel's false and disparaging comments regarding Gordon Smith, Gordon Smith suffered actual physical injury, in an amount to be proven at trial.

116. As a direct and proximate cause of McDaniel's false and disparaging comments regarding Cindy Smith, Cindy Smith suffered actual physical injury, in an amount to be proven at trial.

117. Defendant Gari, while acting as an Officer of GMG, and in the scope of his employment with GMG, published false and defamatory statements about Plaintiffs.

118. Defendant Gari, while acting as an Officer of GMG, and in the scope of his employment with GMG, inflicted severe emotional distress upon Plaintiffs by, among other things, creating created a hostile work environment for Plaintiffs by, among other things, willfully and wantonly making false, extreme, and outrageous accusations about Plaintiffs to other employees of GMG, ratifying the false and defamatory statements published by McDaniel, directing his personal attorney to issue unauthorized reprimands, conduct ex parte interviews, and threaten Plaintiffs with termination.

119. As a direct and proximate cause of Gari's negligent infliction of emotional stress, Gordon Smith suffered actual physical injury, in an amount to be proven at trial.

120. As a direct and proximate cause of Gari's negligent infliction of emotional distress, Cindy Smith suffered actual physical injury, in an amount to be proven at trial.

16

121. As a direct and proximate cause of Gari's negligent infliction of emotional distress, Gordon Smith suffered actual physical injury, in an amount to be proven at trial.

122. As a direct and proximate cause of Gari's negligent infliction of emotional distress, Cindy Smith, Cindy Smith suffered actual physical injury, in an amount to be proven at trial.

123. The acts and omissions of McDaniel and Gari are imputed to Gari Media Group, as both McDaniel and Gari were Officers and agents of the Company at the time they committed the tortious acts alleged herein.

124. Gordon Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

125. Cindy Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

## COUNT IV – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

126. Plaintiffs incorporate each preceding paragraph of this Complaint as though the same were set forth herein at length.

127. Plaintiff Gordon Smith had a long-standing business relationship GMG which he utilized to his substantial benefit.

128. Plaintiff Gordon Smith had a long-standing business relationship with GMG which she utilized to her substantial benefit.

129. Defendants McDaniel and Gari knew of this relationship.

17

130. Defendants acted maliciously and without privilege when they intentionally and without privilege constructively discharged and ousted Plaintiffs Cindy Smith and Gordon Smith from the Company, and otherwise prevented Plaintiffs from carrying out their business relationships with GMG by, among other things,

(a) Publishing false and defamatory statements of and concerning Plaintiffs;

(b) Threatening Plaintiffs with termination;

(c) Taunting Plaintiffs and otherwise creating a hostile work environment for Plaintiffs;

(d) Directing the Company's attorney to issue numerous communications designed to harass Plaintiffs.

131. Defendants Gari and McDaniel acted intentionally and maliciously and without privilege to injure Plaintiffs by forcing GMG to end its business and contractual relationships with Plaintiffs.

132. Defendants Gari and McDaniel acted improperly and without privilege to cause or attempt to cause GMG to end its business and contractual relationships with Plaintiffs.

133. The actions of Defendants Gari and McDaniel were improperly undertaken in order to advance their own interests in GMG.

134. The conduct of Defendants Gari and McDaniel as described above was designed and calculated to disrupt the economic relationships between Plaintiffs, and GMG.

135. The conduct of Defendants Gari and McDaniel was malicious and carried out without privilege.

18

136.    The conduct of Defendants Gari and McDaniel in interfering with Plaintiffs' business relationships was intentional, willful, and calculated to cause damage to Plaintiffs' lawful business.

137.    The conduct of Defendants Gari and McDaniel was perpetrated with actual malice and ill will toward Plaintiffs, and with the intentional and improper purpose of causing damage.

138.    As a proximate result of the conduct, Plaintiffs Cindy Smith and Gordon Smith, Griffin have suffered damages in an amount to be proven at trial.

139.    The acts and omissions of McDaniel and Gari are imputed to Gari Media Group, as both McDaniel and Gari were Officers and agents of the Company at the time they committed the tortious acts alleged herein.

140.    Gordon Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

141.    Cindy Smith is entitled to an award of punitive damages from Defendants in order to punish them for their unlawful conduct and to penalize and deter them from repeating such unlawful and egregious conduct.

## COUNT V – PUNITIVE DAMAGES

142.    The above-detailed actions of Defendants Gari and McDaniel were undertaken with the specific intent to cause harm to Plaintiffs, and showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, thus entitling Plaintiffs to an award of punitive damages against the Defendants.

WHEREFORE, Plaintiffs demand:

19

(a) Trial by jury;

(b) That judgment be entered against Defendants for compensatory damages in an amount to be determined by the enlightened conscience of a jury;

(c) That judgment be entered against Defendants for punitive damages to punish and penalize Defendants and deter Defendants from repeating this unlawful conduct in an amount to be determined by the enlightened conscience of a jury;

(d) That all costs of this action be assessed against Defendants; and

(e) That this Court award such other damages for relief as it deems just and proper.

Respectfully submitted this 24th day of February 2012.

WOOD, HERNACKI & EVANS, LLC


/s/ Katherine Ventulett Hernacki
Katherine Ventulett Hernacki
khernacki@whetriallaw.com
Georgia Bar No. 727027
Stacey Godfrey Evans
sevans@whetriallaw.com
Georgia Bar No. 298555

1180 West Peachtree Street N.W.
Suite 2400
Atlanta, Georgia 30309
404.891.1402
404.506.9111 facsimile
khernacki@whetriallaw.com
sevans@whetriallaw.com