**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

GORDON SMITH, *et al.*,  :
                        :
    Plaintiffs,   :
                        :
v.                      :  CIVIL ACTION NO.
                        :  1:12-CV-1078-RWS
GARI MEDIA GROUP, INC., *et al.*,  :
                        :
                        :
    Defendants.

## **ORDER**

This case comes before the Court on Defendants Gari Media Group, Inc. and Frank Gari's [hereinafter, "Gari Defendants"] Motion to Stay, Transfer, or Dismiss [12], the Gari Defendants' Amended First Request to Take Judicial Notice [18], Defendant Larry McDaniel's Motion for Partial Summary Judgment [25], the Gari Defendants' Motion to Take Judicial Notice No. 3 [28], Plaintiffs' Motion to Amend the Complaint [36], and the Gari Defendants' Motion to Take Judicial Notice for the Scheduling Conference [47]. After a review of the record, the Court enters the following order.

This case arises out of Plaintiffs Gordon and Cindy Smith's attempted force-out of Gari Media Group, Inc. [hereinafter, "GMG"] by their business

associates–Larry McDaniel and Frank Gari. Plaintiffs also allege that in order to force them out of the business, Defendants made and published defamatory statements about them.[1] On February 24, 2012, Plaintiffs filed this action against the Defendants in the State Court of Fulton County, Georgia, asserting claims of libel *per se*, intentional infliction of emotional distress, negligent infliction of emotional distress, tortious interference with business relations, and punitive damages. The Defendants removed the action to this Court and subsequently moved to stay this action in light of two proceedings in the Central District of California which were filed prior to this action. See Dkt. Nos. [1, 12].

### 1. Central District of California Actions

On January 10, 2012, Frank Gari commenced Civil Action No. 12-00248 GHK [hereinafter "First California Action"] in the Central District of California against Gordon Smith, requesting that the California court find that any claims asserted by Smith against Frank Gari, among others not relevant here, are subject to binding arbitration in Los Angeles pursuant to those parties' Pre-Incorporation Agreement. See Ex. 2, Dkt. No. [19-2]. On March 2, 2012,

---

[1]Unless otherwise stated, all facts are drawn from the Complaint.

2

Gordon moved to dismiss the complaint and disqualify Gari's counsel. Dkt. No. [12] at 6.

On January 20, 2012, the Gari Defendants filed a second action in the Central District of California against Gordon Smith (Civil Action No. 12-0556 DSF) [hereinafter, "Second California Action"], this time asserting claims for breach of fiduciary duty, declaratory relief, and for an order to remove Gordon as a director of GMG. Later in March, Gordon again moved to dismiss this complaint and moved to disqualify counsel. Id. at 3-4.

On July 23, 2012, the California Court dismissed the Second California Action without prejudice, stating that the Plaintiffs there–the Gari Defendants here–had failed to establish complete diversity. Dkt. No. [46] at 2. On August 7, 2012, the Gari Defendants moved that court to reconsider, and the parties are scheduled for a hearing on September 10, 2012 regarding that motion. Id.

On August 2, 2012, the California Court granted Gari's petition to compel arbitration in the First California Action and has ordered that case to proceed to arbitration. Id. at 3. However, the Gari Defendants affirm that the arbitrability of the claims before this court is not in issue, id. at 4; thus, the claims before this Court are unaffected by that court's decision.

3

### 2. This Case's Procedural History

While many of these parties were litigating in California, Defendant McDaniel filed a partial summary judgment motion, arguing that Plaintiffs could not prove a tortious interference with business relations claim against him. Dkt. No. [25]. Plaintiffs do not disagree and have agreed to remove Count IV–the tortious interference claim–from their complaint against all Defendants. However, because Plaintiffs also seek to dismiss this claim against the Gari Defendants and they have not consented–unlike McDaniel–the Plaintiffs request leave of court to amend their complaint. See Dkt. No. [28]. The Court will consider each motion in turn.

### 3. Motions to Take Judicial Notice

As all of these motions request this Court to take judicial notice of filings in the Central District of California, these motions [18, 28, 47] are **GRANTED**. See Universal Express, Inc. v. S.E.C., 177 F. App'x 52, 53 (11th Cir. 2006) ("A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment. . . . Public records are among the permissible facts that a district court may consider.") (citations omitted).

4

4. Motion to Amend and Motion for Partial Summary Judgment

As Plaintiffs' Motion to Amend [36] is now **UNOPPOSED**, that Motion is **GRANTED**. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). Thus, Plaintiffs' proposed Amended Complaint is **DEEMED FILED** as of the date of this order. In light of McDaniel having already consented to and answered the Amended Complaint [30], only the Gari Defendants are now required to file an answer following this Order.

As well, because the sole basis for McDaniel's Partial Summary Judgment motion has been resolved by Plaintiffs' prior Amended Complaint [30] against him, that Motion [25] is **DENIED**, **as MOOT**.

5. Motion to Stay, Transfer, or Dismiss

As the Gari Defendants recognize, because the Second California Action has been dismissed, this motion [12] is now moot unless that court reconsiders its decision. See Dkt. No. [46] at 3-4. Thus, the Court **DENIES** Defendants' motion with the **RIGHT TO REFILE**.[2] Should the Central District of

---

[2]This decision is also in light of the Gari Defendants' assertion that the arbitrability of this case's claims is not in issue at this time. Thus, there is no reason to transfer this case to arbitration along with the First California Action claims.

5

California reconsider its decision, the Gari Defendants may refile their transfer motion.

### 6. Oral Motion to Extend Discovery

At the Scheduling Conference, the parties jointly moved to extend discovery three months. In light of the ongoing arbitration and the procedural posture of this case, the Court **GRANTS** the parties' motion. Discovery is extended for three (3) months and will now expire on March 3, 2013.

### 7. Conclusion

The Gari Defendants' Motions to Take Judicial Notice [ 18, 28, 47] and Plaintiffs' Motion to Amend [36] are **GRANTED**. In light of Plaintiffs' prior Amended Complaint [30], McDaniel's Motion for Partial Summary Judgment [25] is **DENIED**, **as MOOT**. As well, because the Central District of California has dismissed the Second California Action, the Gari Defendants' Motion to Transfer, Stay, or Dismiss [12] is also **DENIED, as MOOT**.

Following the parties' oral motion at the scheduling conference, the Court also **GRANTS** the parties' motion to extend discovery three months. The discovery deadline will now be March 3, 2013.

6

**SO ORDERED**, this  21st  day of August, 2012.

_____
**RICHARD W. STORY**
United States District Judge

7